UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERGEI MOROSHKIN,

        Plaintiff,

        -v-

BRITTANY COMMISSO,

        Defendant.

21-CV-8926 (JMF)

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

---

JESSE M. FURMAN, United States District Judge:

    Plaintiff Sergei Moroshkin, who proceeds without counsel, sues Defendant Brittany Commisso for actions that are alleged to have led to Andrew Cuomo's resignation as Governor of the State of New York and to the filing of criminal charges against Cuomo. Moroshkin seeks (1) an order requiring Comisso to pay $500,000 to the State of New York to offset the costs of the gubernatorial transition; and (2) judicial review of Commisso's communications with other actors involved in Cuomo's resignation due to concerns over "the leak of classified information." ECF No. 1 ("Compl."), at 6. For the reasons set forth below, Moroshkin's claims are DISMISSED for lack of subject-matter jurisdiction.

## BACKGROUND

    Moroshkin makes the following allegations. Commisso was an executive assistant to Andrew Cuomo when he was Governor of New York. Compl. 5. On August 9, 2021, Commisso gave an interview at a CBS studio in New York City claiming that, on December 7, 2019, then-Governor Andrew Cuomo inappropriately touched her. *Id*. This "influenced" ten other women to "join her in complaining" about Cuomo, ultimately leading to his resignation on August 24, 2021. *Id.* at 5-6. On October 28, 2021, the Albany County Sheriff brought a criminal complaint against Andrew Cuomo, with Commisso as the complainant. *Id.* at 6.

Moroshkin contends that these actions have "possibly" compromised the security of the State of New York because the women complaining about Cuomo's conduct had "high level" security clearance. *Id.* Moroshkin is particularly concerned about national security in light of the "insurrection in Washington on January 6, 2021." *Id.* Moroshkin states that he has been injured because he is "intimidated, confused, and scared" and is worried about Cuomo's resignation and replacement "in [a] time of national crisis in economy, supplies, pandemic, and concern about supersonic weaponry." *Id.* at 6.

Moroshkin states that the basis for his suit is "national security" and invokes the Court's federal question jurisdiction. *Id.* at 2.[1] He seeks (1) an order compelling Comisso to pay the State of New York $500,000 to "compensat[e]" for the "taxpayer[] money" that "has been us[ed] for the transition of the Governor of New York State" and (2) "judicial review" of the communications between Commisso and others involved in the events that led to Governor Cuomo's resignation due to concerns over "the leak of classified information." *Id.* at 6.[2]

## DISCUSSION

"[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "The requirement of standing is an 'essential and unchanging part of the case-or-controversy requirement of Article III'" subject-matter jurisdiction. *Stagg, P.C. v. U.S.*

---

[1] Although Morshkin does not invoke the Court's diversity jurisdiction, 28 U.S.C. § 1332, there is no basis on which to conclude it exists here, even liberally construing the pleadings. Morshkin does not allege that he and Comisso are citizens of different states; instead he states that he and Comisso are both residents of New York. *Id.* at 3.

[2] Moroshkin lists Brian Premo, whom he describes as Commisso's attorney, as another defendant in the "Parties" section of the Complaint. But he does not include Premo in the caption of the case or reference him anywhere else in the Complaint. The Court need not determine whether Premo is in fact a defendant because, as discussed below, the Court lacks subject-matter jurisdiction and the case must be dismissed altogether.

*Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  To establish standing, a plaintiff must be able to prove, among other things, "injury in fact" — that is, "that he or she suffered an invasion of a legally protected interest that is concrete and particularized . . . ." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal quotation marks omitted).  "For an injury to be particularized, it must affect the plaintiff in a personal and individual way."  *Id.* (internal quotation marks omitted); *see also Libby v. Price*, 689 F. App'x 659, 660 (2d Cir. 2017) (holding that a *pro se* plaintiff lacked standing to pursue claims that the Affordable Care Act "sharply changes the ethos of our culture" because, among other reasons, he was not affected by the Affordable Care Act in an individualized way).

In light of these standards, Moroshkin's claims — even construed liberally — must be dismissed because he does not show that he personally "suffered an invasion of a legally protected interest that is concrete and particularized . . . ." *Spokeo, Inc.*, 578 U.S. at 338.  The injury that Moroshkin posits — potential harms to "national security" or "leak[s] of classified information" — does not affect him in a way that is different from the harm to any other New Yorker.  *See, e.g.*, *United States v. Richardson*, 418 U.S. 166, 176-77 (1974) (holding that the plaintiff lacked standing where "the impact on him [wa]s plainly undifferentiated and common to all members of the public" (internal quotation marks omitted)).  The relief that Moroshkin seeks — including payment of money to the State of New York as reimbursement for the cost of the gubernatorial transition and judicial monitoring for potential leaks of classified information — only confirms that he is not seeking redress for a particularized harm that he personally suffered.  Because the facts alleged in the Complaint show that Moroshkin has not suffered an injury in fact, he lacks standing to sue.  *See Spokeo, Inc.*, 578 U.S. at 338-39.  Accordingly, the Complaint must be and is DISMISSED without prejudice for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Moroshkin's Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.  Moreover, the Court declines to grant Moroshkin leave to amend because the defects in his Complaint cannot be cured and amendment would be futile. *See, e.g.*, *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011).

The Clerk of Court is directed close this case and mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:  November 4, 2021
        New York, New York

                                            JESSE M. FURMAN
                                        United States District Judge